■ SUSAN ST. GERMAIN, Respondent, v. JULES B. ST. GERMAIN, Appellant. — In an action for a judicial separation, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated October 21, 1965, and entered October 25, 1965 upon reargument, as adhered to a decision dated September 29, 1965, (a) adjudging defendant in contempt of court for failing to pay arrears in accrued alimony, counsel fees and expenses awarded to plaintiff; (b) fining him $7,780, the total found as such arrears; (c) directing him to pay an additional $250 for new counsel fees; and (d) permitting him to purge himself of the contempt (1) by making certain specified payments on pain of commitment; and (2) by posting a surety bond conditioned for compliance. Order, insofar as appealed from, modified by reducing the total amount found as the arrears in alimony from $5,280 to $4,160. As so modified, order affirmed, without costs. In our opinion, a fine for contempt is improper where it is not based upon an amount due at the time the motion to punish was made (*Glassman* v. *Glassman*, 20 A D 2d 563). Punishment for contempt for failure to pay alimony accruing subsequent to the date of application is unauthorized (*Siegel* v. *Siegel*, 8 A D 2d 333). Under these determinations, since plaintiff's motion to punish was predicated upon a default period which ended as of the week commencing on June 7, 1965, defendant should not have been in part declared in default, as stated in the decision of the learned Special Term, "for the period commencing May 17, 1965 and terminating September 27, 1965", a period of 20 weeks at $70 a week, in which $1,400 supposedly accrued. In the period mentioned, the basis of defendant's punishment should have been limited to the four weeks commencing respectively on May 17, May 24, May 31, and June 7, 1965, which were specifically referred to in plaintiff's moving papers, at the rate of $70 a week, so as to reduce the total of arrears for the period commencing on May 17, 1965 from $1,400 to $280. Accordingly, the total amount of $5,280 found in the order to be the arrears in alimony should be abated by the amount of $1,120 and thus

reduced to $4,160. In all other respects, it is our opinion that the issues of fact and law, raised by defendant, in bar of his punishment for contempt were properly determined by the learned Special Term. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.